UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE: VERNON B. PARSONS, III

Debtor

---

VERNON BALLARD PARSONS, III,

Appellant,

v.

Case No. 2:26-cv-2348-SPC
Adversary No. 2:25-ap-78-FMR

MARIFE JOYNO CHANGCO; HOLLY BETH CHERNOFF.

Appellees.

---

**OPINION AND ORDER**

Before the Court is Vernon B. Parsons, III's *pro se* Notice of Appeal (Doc. 1) from two non-dispositive Orders issued in the adversary proceeding on July 13, 2026. He filed the Notice of Appeal on July 24, 2026, and he paid the filing fee. Fed. R. Bankr. P. 8002(a)(1). For the reasons stated below, leave to appeal is denied.

The appealed orders are not final orders or judgments. One denied a motion to strike Defendant Holly Beth Chernoff's motion to dismiss adversary proceeding, and the other granted her motion to dismiss without prejudice to

filing an amended complaint, providing a deadline to do so and to respond to the amended pleading. (Adv. Doc. 32, 33). A status conference is scheduled in the Bankruptcy Court for August 27, 2026, and the adversary proceeding remains open.

"The district court in a bankruptcy appeal functions as an appellate court in reviewing the bankruptcy court's decision." *Laurent v. Herkert*, 196 F. App'x 771, 772 (11th Cir. 2006). The district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees" and "with leave of the court, from other interlocutory orders[1] and decrees." 28 U.S.C. § 158(a). To appeal an order under this second option, the appellant must file a notice of appeal that is "accompanied by a motion for leave to appeal" containing "(A) the facts needed to understand the question presented; (B) the question itself; (C) the relief sought; (D) the reasons why leave to appeal should be granted; and (E) a copy of the interlocutory order or decree and any related opinion or memorandum." Fed. R. Bankr. P. 8004(a)(2), (b)(1). Appellant did not file a motion for leave to appeal.

If an appellant fails to include a motion for leave to appeal, the district court may "treat the notice of appeal as a motion for leave to appeal and grant

[1] "An interlocutory appeal is one which stems from a judgment, order, or decree which does not finally determine a cause of action, but instead decides only an intervening matter." *In re Kashani*, 190 B.R. 875, 882 (B.A.P. 9th Cir. 1995).

or deny it." Fed. R. Bankr. P. 8004(d). "Because 28 U.S.C. § 158(a) does not provide the district court any criteria for determining whether to exercise their discretionary authority to grant leave to appeal, the courts look to 28 U.S.C. § 1292(b) which governs discretionary interlocutory appeals from district courts to the court of appeals." *Herkert*, 196 F. App'x at 772 (citing *In re Charter Co.*, 778 F.2d 617, 620 n.5 (11th Cir. 1985)). "Granting leave is appropriate if the order involves a controlling question of law where there is substantial ground for difference of opinion and when the appeal is in the interest of judicial economy because an immediate appeal may materially advance the ultimate termination of the litigation." *In re Kashani*, 190 B.R. at 882 (citations omitted).

The Notice of Appeal asserts that the "appeal is taken from a final order disposing of the claims against Defendant Chernoff" making it final and appealable. This is inaccurate since the Order specifically granted leave to file a second amended adversary complaint and a hearing has been set to hear the motion to dismiss the Second Amended Adversary Complaint. (Adv. Doc. 49). The Court finds no issues involving a controlling question of law, and the interests of judicial economy do not favor proceeding with an appeal that will not advance litigation in the adversary proceeding.

Accordingly, it is now

**ORDERED:**

The Notice of Appeal (Doc. 1) is construed as a motion for leave to appeal and **DENIED**. The Clerk shall close the appeal and transmit a copy of this Opinion and Order to the Bankruptcy Court forthwith.

**DONE and ORDERED** in Fort Myers, Florida on August 14, 2026.

Sheri Polster Chappell

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies:
Clerk, Bankr. Clerk
Counsel of Record